# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DAEDALUS BLUE LLC, <br><br> Plaintiff, <br><br> v. <br><br> SZ DJI TECHNOLOGY CO., LTD., and DJI EUROPE B.V., <br><br> Defendants. | CIVIL ACTION NO. 6:20-CV-00073-ADA <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS SZ DJI TECHNOLOGY CO., LTD., AND DJI EUROPE B.V.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 2

III.  THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM OF INFRINGEMENT AGAINST THE DJI DEFENDANTS. .......... 4

    A.  Legal Standard ........................................................................................................ 4

    B.  Daedalus Fails to Allege That Either of the DJI Defendants Perform All of the Claimed Method Steps. ................................................................................ 5

    C.  Daedalus Fails to Adequately Plead Joint Infringement. ....................................... 6

    D.  Daedalus Fails to State a Plausible Claim of Induced or Contributory Infringement. ......................................................................................................... 13

IV.  CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................4

*De la Vega v. MicroSoft Corp.*,
    6:19-cv-00612-ADA, D.I. 29 (February 7, 2020) .......................2, 4, 5, 6, 7, 8, 10, 12, 13

*Fernandez-Montez v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) .......................................................................................4

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014) ..................................................................................................13

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016) ...........................................................1, 2, 5, 7, 8, 12, 13

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) ...................................................................................2

*Ziptronix Inc. v. Omnivision Techs., Inc.*,
    C 10-5525 SBA, 2011 WL 5416187 (N. D. Cal. Nov. 8, 2011) ..............................6, 7

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................1, 4, 13

Defendants SZ DJI Technology Co., Ltd. and DJI Europe B.V. ("DJI Defendants") hereby file this motion to dismiss the complaint filed by plaintiff, Daedalus Blue, LLC ("Daedalus") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.      INTRODUCTION

Daedalus' complaint should be dismissed because it fails to state a plausible infringement claim against either of the DJI Defendants. Though it spans 60 pages, the complaint contains no claim charts and its infringement allegations consist largely of conclusory, boilerplate statements unsupported by factual allegations to support its claims. At most, it attempts to provide an element-by-element showing of infringement for one method claim of each patent. D.I. 1, Complaint, ¶¶37-45, 66-72, 91-99. But that attempt is legally deficient because "a typical claim of direct infringement requires proof that a defendant performs each step of the claimed method." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016). The complaint provides no allegations that either DJI Defendant, or any other entity, perform each step of these method claims. Instead, the Complaint treats the claims as though they are apparatus claims and improperly reads the recited method steps **on the product itself**.

Daedalus' infringement claims are also deficient because the method claims it identifies present a case of joint infringement and the complaint contains none of the allegations required to adequately plead joint infringement. Both the complaint allegations and the patent claim language establish that multiple actors are involved in performing the claimed method steps of each patent. For example, the complaint alleges that the "user" performs the "piloting" step in the asserted method claims of U.S. Patent No. 7,228, 232 ("'232 Patent") and U.S. Patent No. No. 7,231,294 ("'294 Patent"), while attributing other steps like "reading" from a GPS receiver to applications and/or programs that implicate other entities. Similarly, the asserted method claims of the '294 Patent, as well as those of U.S. Patent No. 7,286,913 (the "'913 Patent"), recite a step of "receiving

1

… <u>a user's selection</u> of a GUI map pixel" while the complaint alleges that the "mapping" step is again performed through applications and programs that implicate other entities, including third party providers that map locations to Earth coordinates. To adequately plead joint infringement, Daedalus must allege that one entity exercises direction or control over another's performance, or that the multiple actors form a joint enterprise. *Lyda*, 838 F.3d at 1339; *De la Vega v. MicroSoft Corp.*, 6:19-cv-00612-ADA, D.I. 29 (February 7, 2020). The complaint contains no such allegations.

Daedalus' failure to identify an entity who performs each of the steps of the claimed methods is particularly troublesome here. Neither of the DJI Defendants has business locations in the United States. SZ DJI is located in China and DJI Europe B.V. in the Netherlands. D.I. 1, Complaint, ¶6. To plausibly allege direct infringement of method claims, Daedalus must not only provide the DJI Defendants with adequate notice as to how each of them performed all steps of the claimed method, Daedalus must also adequately allege that each DJI Defendant performed the claimed steps *within the United States*. *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) (no infringement of method claims where a method step is performed outside the United States). Daedalus has not come close to doing so and its complaint should be dismissed.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Daedalus is a non-practicing entity formed in December 2019. (Ex. 1). Daedalus purportedly acquired some 500 IBM patents from another Daedalus entity, Daedalus Group LLC, in January 2020. (Ex. 2), (Ex. 3). Days later, Daedalus filed this lawsuit accusing the DJI Defendants of directly and indirectly infringing three patents: U.S. Patent No. 7,228,232, U.S. Patent No. 7,231,294, and U.S. Patent No. 7,286,913. Each of these patents generally relates to navigating an Unmanned Aerial Vehicle, or "UAV".

Daedalus' Complaint contains conclusory, unsupported allegations that virtually all of DJI's "drone and drone-related products" infringe all 96 claims in these three patents. D.I. 1, Complaint, ¶¶30, 56, 65. However, Daedalus does not provide a claim chart showing how all of these products infringe all 96 claims. Instead, it provides allegations purporting to read one method claim in each patent (claim 1) on a particular DJI product. For the '232 Patent, Daedalus alleges that method claim 1 reads on the "Mavic Series UAV". D.I. 1, Complaint, ¶¶37-45. Method claim 1 of the '232 Patent states:

> 1. A method for navigating a UAV, the method comprising:
> [a] <u>piloting the UAV</u>, under control of a navigation computer, in accordance with a navigation algorithm;
> [b] while piloting the UAV:
> [c] <u>reading from a GPS receiver</u> a sequence of GPS data;
> [d] <u>anticipating a future position of the UAV</u> in dependence upon the sequence of GPS data;
> [e] <u>identifying an obstacle</u> in dependence upon the future position;
> [f] selecting an obstacle avoidance algorithm; and
> [g] piloting the UAV in accordance with the selected obstacle avoidance algorithm.

D.I. 1, Complaint, ¶38 (underlining added for emphasis in joint infringement discussion).

Similarly, Daedalus alleges that method claim 1 of the '294 Patent reads on the Phantom 4 Pro Series UAV. D.I. 1, Complaint, ¶¶65-72. Method claim 1 of the '294 Patent states:

> 1. A method for navigating an unmanned aerial vehicle ("UAV"), the method comprising:
> [a] receiving in a remote control device <u>a user's selection of a GUI map pixel that represents a waypoint for UAV navigation</u>, the pixel having a location on the GUI;
> [b] <u>mapping the pixel's location on the GUI to Earth coordinates of the waypoint;</u> transmitting the coordinates of the waypoint to the UAV;
> [c] <u>reading a starting position from a GPS receiver</u> on the UAV; and
> [d] <u>piloting the UAV</u>, under control of a navigation computer on the UAV, from the starting position to the waypoint in accordance with a navigation.

D.I. 1, Complaint, ¶66 (underlining added for emphasis in joint infringement discussion).

Last, Daedalus alleges that method claim 1 of the '913 Patent reads on the Phantom 4 Pro Series UAV. D.I. 1, Complaint, ¶¶90-99. Method claim 1 of the '913 Patent states:

> 1. A method for navigating an Unmanned Aerial Vehicle (UAV), the method comprising:
> [a] receiving in a remote control device <u>a user's selection of a GUI map pixel that represents a waypoint for UAV navigation</u>, the pixel having a location on the GUI;
> <u>[b] mapping the pixel's location on the GUI to Earth coordinates of the waypoint;</u>
> [c] receiving downlink telemetry, including a starting position from a GPS receiver on the UAV, from the UAV through a socket on the remote control device;
> [d] calculating a heading in dependence upon the starting position, the coordinates of the waypoint, and a navigation algorithm;
> [e] identifying flight control instructions for flying the UAV on the heading; and
> [f] transmitting uplink telemetry, including the flight control instructions, through the socket to the UAV.

D.I. 1, Complaint, ¶91 (underlining added for emphasis in joint infringement discussion). Daedalus' complaint does not allege or identify how either of the DJI Defendants, or any other entity, performs each step of these method claims. Instead, Daedalus attempts to read the steps of a method claim on the DJI product itself.

### III. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM OF INFRINGEMENT AGAINST THE DJI DEFENDANTS.

#### A. Legal Standard

A court is entitled to dismiss a complaint that fails to state a claim upon which relief can be granted as a matter of law. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court takes as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *De la Vega*, 6:19-cv-00612-ADA, D.I. 29 at 3 (February 7, 2020). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Here, Daedalus has failed to state a plausible claim that either of the DJI Defendants are liable for patent infringement.

> **B.  Daedalus Fails to Allege That Either of the DJI Defendants Perform All of the Claimed Method Steps.**

The claims that Daedalus attempts to read on accused products in its complaint are ***method claims***.[1] See D.I. Complaint, ¶¶38-45, 66-72, 91-99. "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*). "[A] typical claim of direct infringement requires proof that a defendant performs each step of the claimed method." *Lyda*, 838 F.3d at 1338. Here, Daedalus' complaint fails to state a claim because it does not plausibly allege that all of the claimed method steps are performed by either of the DJI Defendants, or any other single entity. Rather, the Complaint treats the claims as though they are apparatus claims and attempts to read the recited method steps on the product itself. This can be seen by reference to the '232 Patent allegations set forth below:

> 39. On information and belief, ***the Mavic Series UAV ("Mavic") performs*** a method for navigating an unmanned aerial vehicle ("UAV")....
>
> 40. On information and belief, ***the Mavic pilots the UAV*** under control of a navigation computer, in accordance with a navigation algorithm....
>
> 41. On information and belief, ***the Mavic, while piloting the UAV,*** reads from a GPS receiver a sequence of GPS data....
>
> 42. On information and belief, ***the Mavic anticipates a future position*** of the UAV in

---

[1] The patents also include claims to a "system" and a "computer program product", but Daedalus has chosen to read only the method claims on accused products.

dependence upon the sequence of GPS data….

43. On information and belief, *the Mavic identifies an obstacle* in dependence upon the future position….

44. On information and belief, *the Mavic selects* an obstacle avoidance algorithm….

45. On information and belief, *the Mavic pilots the UAV* in accordance with the selected obstacle avoidance algorithm….

D.I. 1, Complaint, ¶¶38-45 (emphasis added.).  Plaintiff applies the same approach to the asserted method claims of the '294 and '913 Patents.  D.I. 1, Complaint, ¶¶66-72, 91-99.  In effect, Plaintiff completely sidesteps the quintessential requirement for establishing infringement of a method claim – identifying an entity who performs each of the recited steps.  By doing so, Plaintiff has wholly failed to provide the DJI Defendants with adequate notice of the conduct accused of infringement.  *Ziptronix Inc. v. Omnivision Techs., Inc.*, C 10-5525 SBA, 2011 WL 5416187, at *4 (N. D. Cal. Nov. 8, 2011) ("their counterclaims contain no allegation that all steps and stages of their protected process have been used by Plaintiff.  Consequently, Defendants' claims of direct infringement are insufficient to provide Plaintiff with notice of the alleged infringement, and, as to these claims, the Court GRANTS Plaintiff's motion to dismiss.").

      **C.**      **Daedalus Fails to Adequately Plead Joint Infringement.**

The deficiencies in Daedalus' infringement allegations are particularly acute here because the claims and Complaint indicate that multiple actors are involved in performing the claimed method steps.  When multiple actors are involved in performing the method steps of a claim, a case of joint infringement arises.  *See De la Vega*, 6:19-cv-00612-ADA, D.I. 29 at 6 (February 7, 2020).  To meet the *Twombly/Iqbal* pleading standard for joint infringement by the combined acts of multiple parties, the complaint must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite

'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda*, 838 F.3d at 1339; *De la Vega*, 6:19-cv-00612-ADA, D.I. 29 at 6.  As discussed above, Plaintiff's complaint is devoid of any allegation that either DJI defendant performs all of the recited method steps, much less allegations that one of them exercises direction or control over another's performance of claimed steps, or that the multiple actors form a joint enterprise.

In *De la* Vega, this Court recently dismissed a complaint for failure to state a claim of direct infringement of asserted method claims.  *De la Vega,* 6:19-cv-00612-ADA, D.I. 29 at 6 (February 7, 2020).  De la Vega alleged that Defendants Microsoft and Google each perform all the recited steps of claim 1.  But when explaining how Microsoft and Google performed these steps, De la Vega illogically contended that actors other than Microsoft or Google perform some of the claim steps.  *Id.* at 7.  This Court concluded that "[b]ecause claim 1 on its face plainly requires at least multiple actors—a fact which Plaintiff recognizes and addresses in his complaints (see above)—Defendants are correct that this is a case of joint infringement." *Id.*  This Court then dismissed De la Vega's Complaint because it "fails to make even conclusory allegations" of direction, control or joint enterprise.  *Id.*

Similarly, in *Lyda,* the Federal Circuit affirmed the district court's finding that Mr. Lyda failed to adequately plead direct or joint infringement where the claims required third party actions such as "having the audience member input the program identifier code into the user input device" during a television program to transmit the response to a program presenter.  *Lyda*, 838 F.3d at 1335.  With only conclusory statements that CBS was responsible for the accused actions, the Court found "no allegations in the Amended Complaint that can form the basis of a reasonable inference that each claim step was performed by or should be attributed to Defendants." *Id.*

7

Here, Daedalus' complaint is even more deficient than the ones dismissed in *De la Vega* and *Lyda*. The complaint contains no allegations that any entity performs all of the steps of claim 1 of any of the asserted patents. *See Supra,* Part III.B. And as demonstrated below, the complaint allegations and the claim language itself indicate that multiple actors are involved in performing the steps of the asserted method claims.

**The '232 Patent.** Method claim 1 of the '232 Patent recites a step [a] of "piloting the UAV, under control of a navigation computer." D.I. 1, Complaint, Ex. A. Plaintiff's complaint alleges that the ***user pilots*** the Defendants' products. D.I. 1, Complaint, ¶34 ("the portions of Defendants' products that ***allow the user to pilot the Defendants' products*** in accordance with a selected obstacle avoidance algorithm"). The Complaint also quotes from a product User Manual that states the aircraft waits for "pilot commands," that the user may tap or press a button to retake control, and that if no pilot command is given, the aircraft flies to the home point:

> When Failsafe RTH is activated, the aircraft starts to retrace its original flight route home. If the remote control signal is re-established within 60 seconds of Failsafe RTH being activated, the aircraft hovers at its present location for 10 seconds and waits for pilot commands. The user may tap ⊗ in the DJI GO 4 or press the RTH button on the remote controller to cancel Failsafe RTH and retake control. If no pilot

D.I. Complaint, ¶44 (quoting User's Manual, Mavic 2 Pro/Zoom at p. 17). And while Daedalus avers generally that the "Mavic pilots the UAV," the Complaint cites as support a portion of the DJI GS Pro User's Manual which describes actions ***the user*** takes to "[s]et a waypoint flight path" and "start flying with a tap":



User's Manual, DJI GS Pro at p. 6

D.I. 1, Complaint, ¶40.

In addition, claim 1 includes steps that are not alleged to be performed by the user and implicates other entities. For example, claim 1 includes steps of [c] reading from a GPS receiver a sequence of GPS data, [d] anticipating a future position of the UAV, and [e] identifying an obstacle in dependence on the future position. D.I. 1, Complaint, Ex. A. The Complaint does not allege that a user reads from a GPS receiver, anticipates a future position of the UAV, or identifies an obstacle. Rather, the complaint appears to allege that this is done autonomously based on programs and algorithms stored in the products or in applications. *See, e.g.,* D.I. 1, Complaint, ¶33 ("DJI branded model lines…utilize flight planning and control programs implementing 'Obstacle Avoidance Algorithms' that aid the user of the Defendants' products, as the products autonomously avoid obstacles by GPS based avoidance of two- or three-dimensional geographic areas…or three-dimensional physical objects. Such obstacle avoidance algorithms, stored both on-board Defendants' UAVs and within Defendants applications."); *see also* ¶¶41-43. The Complaint likewise cites to a User Manual for the "anticipating" and "identifying" steps. This User Manual refers to a Failsafe RTH mode that "automatically activates after the remote control signal is lost" and when activated "the aircraft starts to retrace its original flight route."

> **Failsafe RTH**
> The aircraft allows the aircraft to create a real-time map of its flight route as it flies. If the Home Point was successfully recorded and the compass is functioning normally, Failsafe RTH automatically activates after the remote control signal is lost for more than two seconds.
>
> When Failsafe RTH is activated, the aircraft starts to retrace its original flight route home. If the remote

D.I. 1, Complaint, ¶42 (emphasis in original). In *De la Vega*, the Complaint alleged that Defendant Microsoft provided the program or application and the user downloaded and streamed the program. *De la Vega*, 6:19-cv-00612-ADA, D.I. 29 at 5. The reading, anticipating and identifying steps here are similarly alleged to be performed by applications and programs. Accordingly, just as in *De la Vega*, entities other than the user are involved in performing the claimed steps, and a case of joint infringement is presented.

**The '294 Patent.** Daedalus' assertions concerning method claim 1 of the '294 Patent also implicate multiple actors. '294 Claim 1 includes the same step of "piloting the UAV, under control of a navigation computer" found in claim 1 of the '232 Patent. D.I. 1, Complaint, Ex. A. Daedalus' allegations with respect to the '294 Patent mirror the allegations it makes with respect to the '232 patent. Daedalus alleges that the ***user pilots*** the Defendants' products. D.I. 1, Complaint, ¶60 ("the portions of Defendants' products that *allow **the user to pilot the Defendants' products*** in accordance with [a selected obstacle avoidance] algorithm"). Further, the Complaint cites to a YouTube video as support for this method step:

https://www.youtube.com/watch?v=zvvbMxQ9Hj0. D.I. 1, Complaint, ¶72.

This video describes how a user can fly and navigate the aircraft to set waypoints. *Id.* Claim 1 also includes the step [a] of "receiving in a remote control a user's selection of a GUI map pixel that represents a waypoint for UAV navigation." Before this receiving step is performed, a user must select a GUI map pixel that represents a waypoint for UAV navigation.

However, '294 Claim 1 also includes steps that are not alleged to be performed by the user and implicate other entities. For example, claim 1 includes steps of [b] "mapping the pixel's location on the GUI to Earth coordinates of the waypoint" and [c] "reading a starting position from a GPS receiver on the UAV." D.I. 1, Complaint Ex. B. GUI is an acronym for "Graphical User Interface" and refers to a display means for a computer screen. D.I. 1, Complaint, Ex. A, 3:58-59. "GPS" is an acronym for the Global Positioning System which is a network of satellites orbiting the earth. D.I. 1, Complaint, Ex. A, 4:50-56. The complaint does not allege that a *user* maps the pixel's location on a computer screen display or reads a starting position from a GPS receiver. Instead, the Complaint alleges that these "mapping" and "reading" steps are performed by applications and software installed in the DJI products and/or remote control devices. For instance, the Complaint alleges that the DJI products are "sold with remote-control devices equipped with, or able to be equipped with, GUI mapping" and/or that users can "download and install DJI brand applications and software (DJI GO4, DJI Terra, DJI FlightHub, DJI GS Pro) on to mobile computing devices (smartphones, laptop, tablets) to effectively turn said devices into remote controls equipped with GUI mapping." D.I. 1, Complaint, ¶61.

Daedalus' allegation that the [b] "mapping" and [c] "reading" steps are performed by applications and software in the accused products implicates entities other than the user. For example, the step of "mapping the pixel's location on the GUI to Earth coordinates" implicates third party providers who map locations to Earth coordinates. In addition, the Complaint cites a User's Manual for the [c] "reading step", and that manual states that the aircraft flies *automatically* to the start point:

11

> **PhotoMap / 3D Map / Waypoint Flight**
> After starting, the aircraft will fly to the start point automatically. In 3D Map POI, the altitude of the start point will be the preset maximum altitude.
>
> 20   ©2018 DJI All Rights Reserved.

User's Manual, DJI GS Pro at p. 20

D.I. 1, Complaint, ¶71. Accordingly, just as in *De la Vega*, the claim and complaint identify multiple actors who are involved in performing the method steps and a case of joint infringement is presented.

**The '913 Patent.** Daedalus' allegations concerning method claim 1 of the '913 Patent also implicate multiple actors. The '913 Patent includes the same "receiving" and "mapping" steps found in the '294 Patent. D.I. 1, Complaint, Ex. C. Just like the '294 Patent, the Complaint alleges that the "mapping" step is performed by control applications and algorithms in the DJI products and/or in remote control devices. D.I. 1, Complaint, ¶86 ("DJI branded model lines … utilize at least three mission planning and UAV control applications implementing 'Navigation Algorithms' that allow the user to control the Defendants' product by means of a remote control with GUI Map pixels representing waypoints: (1) the DJI GO 4, (2) the DJI GS Pro, (3) DJI Terra, and (4) DJI FlightHub."); Complaint, ¶94 (mapping).

The '913 claim steps thus implicate multiple entities for the same reasons stated above for the '294 Patent. The "receiving" step indicates that a user must select a GUI map pixel before the "receiving step" is performed. Meanwhile, the "mapping" step implicates entities other than the user, including third party providers that map locations to Earth coordinates. Accordingly, a case of joint infringement is presented.

As discussed above, Daedalus' allegations present a case of joint infringement for claim 1 of each of the asserted patents. Yet, Daedalus' complaint is bereft of any of the allegations of direction or control or joint enterprise that are required to plead joint infringement. As in *Lyda*

12

and *De la Vega*, the "Complaint fails to make even conclusory allegations" of "direction, control or joint enterprise", much less "allege any facts in support of the same." *De la Vega,* 6:19-cv-00612-ADA, D.I. 29, at 6 (February 7, 2020). Accordingly, Plaintiff has failed to state a claim for direct infringement based on the method claims of any of the asserted patents, and the complaint must be dismissed. *Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016); *De la Vega*, 6:19-cv-00612-ADA, D.I. 29 at 6 (February 7, 2020).

### D.  Daedalus Fails to State a Plausible Claim of Induced or Contributory Infringement.

To sufficiently allege indirect infringement, a Complaint must contain allegations of an underlying act of direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 920-21 & n. 3 (2014). Here, Daedalus fails to adequately plead the predicate act of direct infringement. *See Supra*, Part III.B, III.C. Daedalus cannot include additional allegations *ad hoc* in hopes the one of them will stick. Daedalus must provide the specific basis for allegations of direct, and induced and contributory infringement within the complaint. Accordingly, since Daedalus failed to adequately plead direct infringement, Daedalus' claims of induced and contributory infringement must also be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint for failure to state a claim of infringement under Federal Rule of Civil Procedure 12(b)(6).

Dated: May 20, 2020                                            Respectfully submitted,

KING & SPALDING LLP

/s/ Steven M. Zager
Steven M. Zager
State Bar No. 22241500
500 West 2nd Street
Suite 1800

Austin, TX 78701
szager@kslaw.com
Phone: (512) 457-2040

Jeffrey D. Mills
State Bar No. 24034203
500 West 2nd Street
Suite 1800
Austin, TX 78701
jmills@kslaw.com
Phone: (512) 457-2027

*Attorneys for Specially Appearing Defendants SZ DJI Technology Co. and DJI Europe B.V.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2020, a true and correct copy of the foregoing DEFENDANTS SZ DJI TECHNOLOGY CO. LTD. AND DJI EUROPE B.V.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Jeffrey D. Mills
Jeffrey D. Mills